IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY M. DEL ROSSI
and
SANDRA M. DEL ROSSI,

        Plaintiffs,

v.                                             Civil Action No. 3:15cv334

SUNTRUST MORTGAGE, INC.
*et al.*,

        Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant SunTrust Mortgage, Inc.'s ("SunTrust") Motion to Remand this action to the Circuit Court of Prince George County, Virginia, Motion for Award of Attorneys' Fees and Costs pursuant to 28 U.S.C. § 1447(c),[1] and Motion to Dismiss for Lack of Jurisdiction (ECF Nos. 2, 3, 11); and, Plaintiffs'[2] "Motion to Dismiss and Withdraw Removal Pursuant to Rule 41" and Motion to Vacate the Writ of Possession and Subsequent Eviction (ECF Nos. 8, 13). The matters are ripe for disposition. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. For

---

[1] That statute states, in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

[2] The pleadings, including the Notice of Removal, indicate that only Plaintiff Gary Del Rossi, not Plaintiff Sandra Del Rossi, sought removal of this matter. (*See, e.g.*, Not. Removal 1, ECF No. 1.) This has no effect on the Court's analysis of the Motion to Remand. For ease of reference, and in the absence of information affirmatively demonstrating Sandra Del Rossi's absence from this case, the Court refers to the Plaintiffs collectively.

the reasons that follow, the Court grants SunTrust's Motion to Remand and denies SunTrust's Motion for Award of Attorneys' Fees. (ECF Nos. 2, 3.) The Court denies as moot SunTrust's Motion to Dismiss, Plaintiffs' Motion to Dismiss, and Plaintiffs' Motion to Vacate. (ECF Nos. 8, 11, 13.)

## I. Factual and Procedural Background

The dispute between the parties stems from a foreclosure sale of Plaintiffs' former home (the "Property") and involves a complicated procedural history throughout a number of courts. In May 2013, Plaintiffs, anticipating foreclosure, filed suit against SunTrust and other defendants in the Circuit Court of Prince George County (the "Circuit Court"). Plaintiffs subsequently took a voluntary nonsuit in the Circuit Court action. On January 16, 2014, SunTrust foreclosed on the Property. SunTrust was the highest bidder at the foreclosure sale, and after purchasing the Property, SunTrust instituted an unlawful detainer action in the General District Court of Prince George County (the "General District Court"). On September 3, 2014, the General District Court awarded possession to SunTrust. Plaintiffs did not appeal the judgment of the General District Court.

On September 16, 2014, Plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), triggering an automatic stay of their eviction pursuant to 11 U.S.C. § 362(a).[3] On October 10, 2014, SunTrust filed a motion for relief from the stay in the Bankruptcy Court. On the same date that Plaintiffs filed their petition in the Bankruptcy Court, Plaintiffs, by counsel, brought a new civil action against Defendants for fraud, breach of contract, and quiet title in the Circuit Court seeking to void the

---

[3] Section 362(a) provides that the filing of certain types of bankruptcy petitions "operates as a stay, applicable to all entities" of, *inter alia*, the collection of debts or possession of the property of the estate. 11 U.S.C. § 362(a).

2

foreclosure. On November 21, 2014, SunTrust filed a Demurrer and a Plea in Bar in the Circuit Court. On December 2, 2014, the Circuit Court heard argument on the demurrer, the plea in bar, and other motions, but deferred its ruling until the Bankruptcy Court had ruled on the motion for relief from the stay.

On February 25, 2015, the Bankruptcy Court heard argument on SunTrust's motion for relief from the stay. At the hearing, counsel for Plaintiffs and SunTrust represented that they had come to an agreement whereby SunTrust would gain possession of the Property in sixty days and Plaintiffs would proceed with their bankruptcy case. However, Plaintiffs and SunTrust could not agree to a consent order to this effect, and SunTrust renewed its demurrer and plea in bar in the Circuit Court. On April 13, 2015, the Circuit Court sustained SunTrust's demurrer and plea in bar; denied Plaintiffs leave to amend their complaint; and, instructed the parties to submit an order of dismissal following the Bankruptcy Court's ruling on the motion for relief from stay.

On May 6, 2015, the Bankruptcy Court granted SunTrust's motion for relief, making it effective May 13, 2015. SunTrust circulated a consent order to this effect, but Plaintiffs' counsel did not endorse the order.[4] After Plaintiffs' additional attempt to extend the stay, the Bankruptcy Court entered its own order granting SunTrust relief from the stay. On May 26, 2015, in accordance with the Circuit Court's decision to withhold ruling until the Bankruptcy Court lifted the stay, SunTrust filed a motion for entry of a final order dismissing the case in the Circuit Court. The Circuit Court scheduled a hearing on the final order for June 17, 2015. Plaintiffs'

---

[4] Attorney Bernice Stafford-Turner seems to have represented Plaintiffs in the early pendency of their Circuit Court case. In May 2015, Plaintiffs appear to have filed a document seeking a relief from the stay in part because their attorney was "no longer in good standing with the Virginia Bar" and was seeking to obtain substitute counsel. (Mem. Supp. Mot. Remand Ex. 8, at 6, ECF No. 4-8.) Sometime later, attorney L. Wendell Allen, Esq. seems to become involved on Plaintiffs' behalf in the Circuit Court proceeding.

3

counsel indicated that he would soon endorse a dismissal order to obviate the need for the hearing.

However, instead of endorsement of a dismissal order by counsel, Plaintiffs, potentially acting without their attorney,[5] filed a "Notice of Removal and Federal Stay of Proceedings Pursuant to 28 USC [sic] 1446(a)"[6] in an attempt to remove the action to this Court. (Not. Removal 1, ECF No. 1.) Plaintiffs attach to their notice of removal a new "Letter of Complaint" that alleges violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiffs state that because their action "necessarily arises under" the FDCPA, this Court has "original jurisdiction" over the action pursuant to 28 U.S.C. § 1441. (Not. Removal 3.)

---

[5] As stated by the Court in its August 5, 2015 Order, an ambiguity exists as to whether Plaintiffs proceeded by counsel or *pro se* in this action. (Aug. 5, 2015 Order, ECF No. 7.) Gary Del Rossi signed the "Notice of Removal" *pro se*. (Not. Removal 1.) However, the Court's docket reflects lead counsel of record as L. Wendell Allen, Esq. and shows that he receives notices of electronic filings for each document. Further, on June 10, 2015, counsel for SunTrust specifically discussed the purported removal in a letter to Mr. Allen, alerting him to the potential for a motion for sanctions.

[6] That statute states, in pertinent part:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

SunTrust[7] timely moved to remand this action pursuant to 28 U.S.C. § 1447(c) to the Prince George Circuit Court on the ground that a plaintiff may not remove an action to federal court under § 1441(a). SunTrust further moved the Court to award it reasonable attorney's fees for the fees and costs incurred in seeking the remand. Plaintiffs initially did not respond. However, Plaintiffs ultimately filed a response pursuant to the Court's August 5, 2015 Order to do so. SunTrust replied. The Court dispenses with oral argument because the materials before the Court adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, this matter is ripe for disposition.

## II. Standard of Review

### A. Removal and Remand

Title 28, United States Code § 1447(c) states in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). Courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151.) "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151.)

---

[7] No other defendant from the original state court action has made an appearance in the removal action. It appears that none of the defendants have been given notice of the Plaintiffs' attempted removal. (*See* Not. Removal 2 (noting that the Notice of Removal had been provided to the Clerk of the Circuit Court and counsel for SunTrust in the bankruptcy action).)

A defendant may remove a civil action initially filed in state court if the plaintiff could have originally brought the action in federal court. *Id.* at *2 (citing *Yarnevic v. Brink's Inc.*, 102 F.3d 753, 754 (4th Cir. 1996)); *see* 28 U.S.C. § 1441(a). Section 1441 dictates that *only* "the original defendant" or defendants may remove an action. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (2008); *cf. Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) ("By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court *defendants*." (emphasis added)).

### B. Award of Attorney's Fees on Remand

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorney's fees lies within the court's discretion, but the court must be guided by the "reasonableness of the removal." *Martin*, 546 U.S. at 139, 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Unusual circumstances may include the non-removing party's "delay in seeking remand or failure to disclose facts necessary to determine jurisdiction." *Id.*

### C. Obligation to Construe *Pro se* Pleadings Liberally[8]

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). However, a *pro se* plaintiff must nevertheless allege facts sufficient to state a cause of action. *Id.* (citation omitted). The Court cannot act as a *pro se*

---

[8] Despite Attorney Allen's presence on this Court's docket sheet, no confirmation exists that Plaintiffs proceed in any way other than *pro se*. In the interest of justice, the Court will liberally construe Plaintiffs' filings as if they were filed *pro se*.

6

litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014). In the Court's consideration of a motion to remand over the objection of a *pro se* party, the litigant's *pro se* status "does not prevent the [C]ourt from imposing sanctions." *Miller v. Baker*, No. 5:09cv00094, 2010 WL 3585423, at *1 (W.D. Va. Sept. 9, 2010); *accord Fed. Nat'l Mortg. Ass'n v. Young*, No. 2:12cv471, 2013 WL 5488513, at *7 (E.D. Va. Aug. 12, 2013). However, the litigant's *pro se* status may factor into the Court's analysis of reasonableness. *See Szanto v. Szanto Revocable Tr. of 1991*, No. C 10-1364, 2010 WL 2280356, at *2 (N.D. Cal. June 7, 2010).

### III. Analysis

#### A. Section 1441 Does Not Contemplate Removal of this Action by the Plaintiffs

In unmistakable terms, § 1441 does not contemplate removal of this action by the Plaintiffs. The statute plainly states that "the defendant or the defendants" may remove an action over which the federal district would have had original jurisdiction. 28 U.S.C. § 1441(c). Here, Plaintiffs clearly sought removal of this action. The state court complaint attached to the Notice of Removal clearly denotes Gary and Sandra Del Rossi as Plaintiffs, and they remain the Plaintiffs in this attempted removal. Accordingly, the Court must grant the Motion to Remand.

#### B. Plaintiffs' *Pro Se* Status and Mistaken Belief that They Removed the General District Court Case Insulates Them from Sanctions in this Instance

Plaintiffs' *pro se* status and their explanation that they intended to remove the General District Court case, in which they proceeded as defendants, allow them to escape the imposition of attorney's fees in this instance. Plaintiffs clearly lacked a lawful basis for removal. The statutes that Plaintiffs themselves cite plainly reveal the limitation that only defendants may remove an action. (*See, e.g.*, Not. Removal 1 (citing 28 U.S.C. § 1446 ("A *defendant* or

7

*defendants* desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." (emphasis added).) Further, courts routinely confirm the rule that only original defendants may remove. *See Martin*, 546 U.S. at 140 ("By enacting the removal statute, Congress granted a right to a federal forum to a limited class of state-court *defendants*." (emphasis added)).

However, Plaintiffs' actions, while improper, were not necessarily unreasonable for two reasons. First, while Plaintiffs' possible *pro se* status alone does not insulate them from sanctions when they have acted unreasonably, *see Miller*, 2010 WL 3585423, at *1, neither can this Court ignore Plaintiffs' "lack of understanding as to the specialized procedural hurdles involved in removal jurisdiction." *Szanto*, 2010 WL 2280356, at *2. Tolerance of miscues seems especially warranted given what may have been a change in lead counsel over which Plaintiffs lacked control. Second, Plaintiffs aver that they actually wanted to remove the case in which they were defendants, but mistakenly attempted to remove the case in which they were plaintiffs. The case numbers of the actions in state court reveal that only a single letter and number distinguished the two. (*See* Pl. Reply Mot. Remand 1, ECF No. 10 (noting that the General District Court case number was GV14000967-00, while the Circuit Court case number was CV14000767-00).) Plaintiffs' involvement in two concurrent actions in two different state courts, with very similar case numbers, alongside their *pro se* status, provide a sufficiently reasonable basis for their erroneous removal.

Accordingly, given Plaintiffs' *pro se* status and their reasonable error in removing the wrong case, the Court finds that the Plaintiffs' actions do not warrant the award of attorney's fees. The Court denies SunTrust's Motion for Award of Attorneys' Fees.

## IV. Conclusion

For the foregoing reasons, the Court grants the Motion to Remand. (ECF No. 2.) The Court denies the Motion for Attorney's Fees. (ECF No. 3.) Because the Court remands this case, the Court will deny SunTrust's Motion to Dismiss (ECF No. 11); Plaintiffs' Motion to Dismiss (ECF No. 8) and Plaintiffs' Motion to Vacate (ECF No. 13) as moot.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 2-18-16